

NUMBER 13-08-00598-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GILBERT HINOJOSA,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

On appeal from the 214th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Justice Yañez

A jury convicted appellant, Gilbert Hinojosa, of indecency with a child by exposure.[1]

The trial court found that Hinojosa was a repeat felony offender, enhanced punishment

from a third-degree felony to a second-degree felony, and sentenced Hinojosa to

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (Vernon 2003).

seventeen years' imprisonment.[2]  By one issue, Hinojosa contends that the evidence is factually insufficient to sustain his conviction.  We affirm.

## I. BACKGROUND

At trial, the State presented the testimony of Andres Alvarez, Tanya Flores, Rose Rosas, E.S., and Ricardo Jimenez.  Hinojosa presented the testimony of his mother, Imelda Ferritz.

E.S. testified that she was seven years old and that she had witnessed a man wearing an orange shirt and blue shorts in the park "doing the bad things."  According to E.S. the man was "letting his middle show," and she saw "the skin."  The State asked E.S. to circle the part of the body she called the "middle" on an illustration of an anatomically correct male figure.  E.S. complied, and the trial court admitted State's exhibit number two into evidence—an illustration wherein E.S. circled the male figure's penis.  After E.S. circled the penis on the figure, the State asked, "Is that the part that you saw on the man at the park?" and E.S. replied, "Yes."  E.S. testified that a man named Ricardo showed her some pictures, and she was able to find the picture that looked like the man that was showing his "middle" in the park.

Rosas, E.S.'s mother, testified that she took her son and E.S. to the park and was sitting on a bench while the children played.  According to Rosas, E.S. ran up to her, and because E.S. "looked a little different," Rosas asked her "what had happened."  E.S. pointed at a man and claimed that he had his pants open showing his "private."  When Rosas asked E.S. if she saw the man's "private," E.S. responded, "Yes."  According to Rosas, E.S. sometimes refers to the penis as "a middle."  Rosas stated that the man was

[2] *See id.* § 12.42 (Vernon Supp. 2008).

wearing a red shirt. Rosas was able to identify the man from a photo lineup. On cross-examination, Rosas clarified that she identified Hinojosa as the man her daughter pointed to in the park. Rosas stated that they left and that she then attempted to call police, but her "call wouldn't go through on [her] cell phone." Rosas testified that after a friend called the police, an officer called her approximately ten minutes later.

Officer Alvarez testified that he was dispatched to a playground at a local park to investigate a report that a man wearing an orange shirt had exposed himself to a child. On redirect examination, Officer Alvarez clarified that the investigation involved a male who had exposed his genitals to a small child. When he arrived at the park, Officer Alvarez saw Hinojosa, who matched the description given by dispatch. When Officer Alvarez made contact with Hinojosa, Officer Alvarez informed him that a report was made that a man matching Hinojosa's description was exposing himself to children. Hinojosa denied that he had committed the offense. Officer Alvarez asked if Hinojosa had any children in the park, and Hinojosa replied that he did not. As Officer Alvarez spoke to Hinojosa, he noticed that "the zipper on [Hinojosa's] shorts was down a little further than halfway" and stated, "You could see his underclothes, you know." Officer Alvarez asked, "[I]f you don't have any children in the park, what were you doing in the playground and why are your shorts unzipped?" Officer Alvarez testified that Hinojosa did not offer an explanation, and instead stated, "I know this looks bad." Officer Alvarez stated that he contacted dispatch asking if the complainant was still at the park; when dispatch informed him that she had left, Officer Alvarez requested her phone number, called her, and spoke to her about the incident.

On cross-examination, Officer Alvarez testified that Hinojosa was cooperative,

3

answered his questions, and did not attempt to flee. Officer Alvarez testified that neither E.S. nor her mother returned to the park that day to identify Hinojosa. Officer Alvarez stated that he did not know the exact location in the playground where the alleged incident occurred.

Detective Flores testified that she contacted Rosas and set up an appointment for E.S. to be interviewed at the Child Advocacy Center (CAC). Detective Flores prepared a photo array, including a picture of Hinojosa, which she provided to the forensic child interviewer at the CAC. Detective Flores showed the lineup to Rosas, and Rosas identified Hinojosa as the man she saw in the park.[3]

Jimenez, a forensic interviewer at the CAC, testified that when he interviewed E.S. she identified Hinojosa from a photo lineup. Jimenez stated that he asked E.S. to circle the picture of the man who exposed his genitals at the park in a photo lineup, and she circled Hinojosa's picture. The trial court admitted State's exhibit number three—a photo array, wherein E.S. circled Hinojosa's picture.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a factual sufficiency review, we view the evidence in a neutral light to determine whether the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust or the jury's verdict is against the great weight and preponderance of the evidence.[4] This Court will not reverse the jury's verdict unless we can say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the

---

[3] The trial court admitted into evidence State's exhibit number one—a photo lineup wherein Rosas circled Hinojosa's picture.

[4] *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

verdict.[5]

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge.[6] "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."[7] A person commits the offense of indecency with a child by exposure if "with a child younger than 17 years and not the person's spouse . . . the person . . . (2) with intent to arouse or gratify the sexual desire of any person: (A) exposes . . . any part of the person's genitals, knowing the child is present."[8]

### III. DISCUSSION

By his sole issue, Hinojosa contends that the evidence is factually insufficient to prove his guilt beyond a reasonable doubt. As contrary evidence, Hinojosa points to the following: (1) E.S. did not identify him at the scene of the offense; (2) he did not attempt to flee when Officer Alvarez approached him; (3) he answered all of Officer Alvarez's questions; (4) he "specifically denied that he exposed himself"; and (5) he was cooperative. Hinojosa also asserts that "[i]t would not be fair to convict [him] on the single word of a seven year old child."

At trial, E.S. indicated that she saw a man expose his "middle" and saw his "skin"

---

[5] *Id.* at 417.

[6] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd).

[7] *Malik*, 953 S.W.2d at 240.

[8] TEX. PENAL CODE ANN. § 21.11.

5

at a playground. E.S. circled the penis of an anatomically correct illustration of a male, and testified that was the part of the body she called the "middle." Jimenez testified that E.S. identified Hinojosa from a photo lineup as the man who exposed his penis at the playground. Rosas testified that E.S. pointed at Hinojosa and told her that he had exposed his penis to her. The State presented evidence that Rosas identified Hinojosa as the man who exposed his penis to E.S. from a photo lineup. Officer Alvarez stated that he saw Hinojosa walking away from the playground and that when he approached Hinojosa, he noticed that his zipper was down and his underclothes were showing.

After viewing the evidence in a neutral light, we cannot conclude that the evidence supporting the verdict is so weak that the jury's verdict seems clearly wrong and manifestly unjust.[9] Furthermore, we cannot say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the verdict.[10] We overrule Hinojosa's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 31st day of August, 2009.

---

[9] *See Watson*, 204 S.W.3d at 414-15.

[10] *See id.* at 417.

6